UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:05CV11-EHJ

CAROLE M. MOSELEY	PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security	DEFENDANT

## MEMORANDUM OPINION

This case is before the Court upon plaintiff Carole Moseley's objections to the proposed findings and recommendations of the United States Magistrate Judge. The Court has conducted a de novo review of those matters that are the subject of specific written objection, and is of the opinion that the proposed findings and recommendations should be adopted, and the decision of the Commissioner should be affirmed.

Ms. Moseley filed an application for disability benefits on May 23, 2002, alleging that she became disabled on April 18, 2002 as a result of brain aneurysm, grand mal seizures, weak back, and back pain (Tr. 104, 127). After a hearing on May 19, 2004, Administrative Law Judge Gary Flenner ("ALJ") found that Ms. Moseley has severe impairments including a remote history of a craniotomy secondary to a brain aneurysm, history of a seizure disorder well controlled with medication, generalized back-related complaints, a depressive disorder, and an anxiety disorder (Finding #3). Though the ALJ found these conditions to be severe impairments, they were not deemed to meet or medically equal listed impairments. Taking into account her physical and mental limitations, the ALJ found that Ms. Moseley retains the residual functional capacity to perform a significant range of work between the light and medium exertional ranges (Finding #11).

The magistrate's report recommends upholding the Commissioner's findings on the basis that the ALJ's determination at the fifth step of the sequential evaluation process was supported by substantial evidence.  The plaintiff has objected to the magistrate's report, focusing primarily upon the ALJ's rejection of the opinions of Dr. Perkins (treating physician who deems plaintiff disabled by the combination of her emotional and physical problems), Dr. Cabezas (one-time examining psychologist who assessed a GAF of 50, but who assigned no disabling mental limitations), and Dr. Anchor (one-time examining psychologist who assigned disabling restrictions) for that of medical advisor Dr. Wagner's opinion who testified at the hearing on May 19, 2004.  Consistent with the magistrate's analysis, the Court finds no legal error in the ALJ's adoption of the medical advisor's opinions over those of Drs Perkins, Cabezas, and Anchor.  It was not error for the ALJ to reject the conclusory statements from Dr. Perkins, and the ALJ properly gave adequate reasons justifying that rejection.

With regard to the GAF scores assessed by Dr. Cabezas and Dr. Anchor, the Court notes that as a general rule, GAF scores are very poor tool for determining ability to engage in substantial gainful employment given its subjective nature, that it is an approximation on a scale form one to one hundred, and that it is subject to considerable variation.  Though the GAF may represent a single piece of information to be considered in the disability inquiry, it cannot substitute for specific information about particular capabilities and characteristics.  In this case, the ALJ found and the record supports the fact that Ms. Moseley has experienced periods of increased anxiety related to situational pressures in her life, which may very well have coincided with the GAF scores assessed by Cabezas and Dr. Anchor.  However, the ALJ's finding of discrepancy between Dr. Cabezas' GAF assessment and assessment of the claimant's abilities is an appropriate consideration and does not

2

constitute reversible error. Additionally, the ALJ's rejection of Dr. Anchor's GAF assessment as inconsistent with the average test scores reported in Dr. Anchor's findings and report is also a properly supportable analysis in the record.

In sum, the magistrate's proposed findings and recommendations thoroughly and adequately address the issues raised in plaintiff's objections. There is substantial evidence of record to support the ALJ's Decision denying benefits to Ms. Moseley. The Court finds that the magistrate's analysis of the issues and application of the law are appropriate, and the recommendations are adopted. While the Court is sympathetic to Ms. Moseley's situation, it finds no misapplication of the regulations. Though this Court may have analyzed the evidence differently to reach a contrary conclusion, it is bound to uphold the Commissioner in this case, <u>Crum v. Sullivan</u>, 921 F.2d 642, 644 (6th Cir. 1990).